EXHIBIT A

Electronically Filed - St Louis County - July 11, 2017 - 05:35 PM

**17SL-CC02506**

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| CATHERINE GOULD, individually and on<br>behalf of all others similarly situated, | )<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FARMERS INSURANCE EXCHANGE, | ) |
| Serve:     Director of Insurance | )    **JURY TRIAL DEMANDED** |
|            301 W. High St. | ) |
|            Jefferson City, MO 65101 | )    Case No. _____ |
| | ) |
| FARMERS INSURANCE COMPANY, | ) |
| INC. | ) |
| Serve:     Director of Insurance | ) |
|            301 West High St. | ) |
|            Jefferson City, MO 65101 | ) |
| | ) |
|         and, | ) |
| | ) |
| FIRE INSURANCE EXCHANGE, | ) |
| Serve:     Director of Insurance | ) |
|            301 West High St. | ) |
|            Jefferson City, MO 65101 | ) |
| | ) |
| Defendants. | ) |

Doren E. Hohl

AUG 0 1 2017

SERVICE OF PROCESS

## PETITION FOR CLASS ACTION RELIEF

COMES NOW Plaintiff Catherine Gould ("Gould"), individually, and all behalf of all

others similarly situated, and for her Petition for Class Action Relief against Defendants Farmers

Insurance Exchange, Farmers Insurance Company, Inc. and Fire Insurance Exchange states:

### Parties, Jurisdiction and Venue

1.      Gould is an individual who resides in Cook County, Illinois.

2.      Gould brings this action on behalf of herself and all others similarly situated.

Electronically Filed - St Louis County - July 11, 2017 - 05:35 PM

3.      Defendants Farmers Insurance Exchange and Fire Insurance Exchange are separate inter-insurance exchanges existing under the laws of California with their principal places of business in California.

4.      Defendants Farmers Insurance Exchange and Fire Insurance Exchange are authorized to conduct business in Missouri and markets and sell insurance products in Missouri, including homeowners and automobile insurance.

5.      Defendant Farmers Insurance Company, Inc. is an insurance company authorized to conduct business in Missouri and markets and sells insurance products in Missouri, including homeowners and automobile insurance.

6.      Defendants Farmers Insurance Exchange, Farmers Insurance Company and Fire Insurance Exchange (collectively "Farmers") are part of the Farmers Insurance Group, an insurance organization of more than twenty insurance entities with its principal place of business in California.

7.      Farmers has solicited business in the State of Missouri, conducts business in the State of Missouri, has committed the acts described below in the State of Missouri and otherwise has sufficient minimum contacts with the State of Missouri, and such contacts are continuous and systematic.

8.      Farmers maintains an office for the conduct of its business at 2705 Old Dougherty Ferry Road in St. Louis County, Missouri.

9.      A substantial portion of the events giving rise to the claims asserted in this Petition occurred in St. Louis County, Missouri.

Electronically Filed - St Louis County - July 11, 2017 - 05:35 PM

**Background**

10.     Farmers markets and sells insurance products to the general public, including automobile, homeowners, life and renters insurance.

11.     Farmers maintains a network of district managers and agents throughout the United States, including Missouri, to market and sell its products.

12.     Farmers has captive agents that market and sell its insurance products in Missouri, including Jody Ridgway and Jim Lohse.

13.     On information and belief, the agents are not permitted by contract to sell any insurance in direct competition with Farmers.

14.     In order to maintain their contract with Farmers, Farmers agents and district managers must go through training courses put on by Farmers. These courses are conducted both online through the agents' or district managers' "Farmers Dashboard" (a centralized database provided to all agents and district managers in which the agents and district managers have personalized logins and passwords) or in person at the "University of Farmers" in Los Angeles, California or Grand Rapids, Michigan.

15.     Farmers underwrites the insurance policies marketed by its agents, and guarantees the policies.

16.     When an agent sells an insurance policy to a consumer, the premium is paid directly to Farmers. The agent that sold (or wrote) the policy will receive a commission on the policy, which is paid by Farmers to the agent.

17.     Jody Ridgway and Jim Lohse and other Farmers' agents maintain offices at 2705 Old Dougherty Ferry Road, St. Louis, Missouri. Upon information and belief, 2705 Dougherty Ferry Road is the district headquarters for Farmers and Matt Wolk is the district manager.

3

Electronically Filed - St Louis County - July 11, 2017 - 05:35 PM

18.    A website operated by Farmers, www.agents.farmers.com, identifies both Jody Ridgway and Jim Lohse as "Farmers Insurance Agent[s] in St. Louis, MO."

19.    Farmers markets its insurance products in part by telemarketing, including sending text messages to prospective customers' cell phones.

20.    On information and belief, in its text message advertising, Farmers agents use lead lists containing the names and telephone numbers of potential and/or former customers. The lead lists are made available by Farmers to its agents.

21.    Upon information and belief, Farmers sends text message marketing to prospective customers because it is a direct and cost-effective way for it to communicate with prospective customers.

22.    Upon information and belief, agents sold insurance products as a result of the text message marketing campaign described herein and Farmers received the premiums from those sales.

23.    Gould is the owner of a cell phone and pays the bill for her cell phone account.  Her cell phone number is 314-XXX-6696.

24.    Gould did not provide Farmers prior express written consent to be called on her cell phone. As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that he/she will receive text message advertisements from Farmers from an automatic telephone dialing system and informing him/her that he/she is not required to sign such an agreement or agree to enter such an agreement as a condition of purchasing any property or goods.

25.    Between May 2, 2017 and June 29, 2017 Gould received and reviewed a series of text messages from Farmers, as described below, on her cell phone in Cook County, Illinois. On

4

Electronically Filed - St Louis County - July 11, 2017 - 05:35 PM

information and belief, the text messages were sent from equipment at the Farmer's office at 2705

Old Dougherty Ferry Road in St. Louis County, Missouri and were approved by Farmers.

26.     On May 2, 2017, Gould received the following text message on her cell phone from
Farmers:

> Hey Catherine this is Jim with the Jim Lohse agency with Farmers
> Insurance. You asked for a quote a year ago and we weren't able to
> help you at the time. I wanted to send you an updated quote. Who
> do you currently have insurance with? If you want to be removed
> from this program please respond STOP.

27.     On May 4, 2017, Gould received the following text message on her cell phone from
Farmers:

> Hey Catherine just following up on our connection earlier this week.
> We are saving our clients more money and improving their
> coverages. Let's see if we can do this for you as well. When would
> be a good time for us to call you to finalize your quote? Thank you.
> The Jim Lohse Insurance Agency with Farmers Insurance. If you
> would prefer not to receive your updated schedule quote respond
> STOP.

28.     On May 6, 2017, Gould received the following text message on her cell phone from
Farmers:

> Hey Catherine I never heard back from you and I am trying to issue
> the updated quote to see if we can save you money on your auto or
> insurance. Would you mind verifying your current vehicles to I can
> get a quote right over to you? Thanks! The Jim Lohse Agency with
> Farmers Insurance. If you would like to be removed from the
> program please respond with STOP.

29.     On May 8, 2017, Gould received the following text message on her cell phone from
Farmers:

> Hey Catherine Sorry we couldn't connect this week on the quote for
> your insurance. We will contact you in 6 months to see if we can
> work together to improve your insurance position and potentially
> save you money. Feel free to give us a call anytime in the future.
> Thank you, and have an amazing day! If you would like to be

Electronically Filed - St Louis County - July 11, 2017 - 05:35 PM

removed from the program please respond with STOP.

30.     On June 23, 2017, Gould received the following text message on her cell phone from Farmers:

> Hey Catherine this is Jessica with the Joe Ridgway Agency with Farmers Insurance!  You asked for a quote a year ago and we weren't able to help you at that time.  I wanted to send you an updated quote. Who do you currently have insurance with? If you would prefer not to receive your updated schedule quote respond STOP.

31.     On June 25, 2017, Gould received the following text message on her cell phone from Farmers:

> Hi Catherine – Just following up on our connection earlier in the week.  We are saving our clients more money and improving their coverages.  Let's see if we can do this for you as well.  When would be a good time for us to call you to finalize your quote?  Thank you. The Ridgway Agency with Farmers.  If you would prefer not to receive your updated scheduled quote respond STOP.

32.     On June 27, 2017, Gould received the following text message on her cell phone from Farmers:

> Hi Catherine – I never heard back from you and I am trying to issue the updated quote to see if we can save you some money on your auto or insurance.  Would you mind verifying your current vehicles so I can get a quote right over to you?  Thanks!  Joe Ridgway Agency with Farmers Insurance.  If you would prefer not to receive your updated scheduled quote respond STOP.

33.     On June 29, 2017 Gould received the following text message on her cell phone from Farmers:

> Hi Catherine – Sorry we couldn't connect this week on the quote for your insurance.  We will contact you in 6 months to see if we can work together to improve your insurance position and potentially save you money.  Feel free to give us a call anytime in the future. Thank you, and have an amazing day!  If you would prefer not to receive your updated schedule quote respond STOP.

Electronically Filed - St Louis County - July 11, 2017 - 05:35 PM

34.     Upon information and belief, Farmers sent text message advertisements *en masse* to Gould and members of the proposed class without first obtaining the recipients' prior express written consent.

35.     The text messages sent to Gould and members of the proposed class by Farmers were made for the purpose of selling insurance products.

36.     Upon information and belief, the text messages sent to Gould and members of the proposed class were repetitive and sent at automatically scheduled intervals.

37.     Farmers' conduct injured Gould and class members because their privacy has been violated, and they were subject to annoying and harassing text messages that constituted a nuisance. Farmers' phone calls to wireless numbers intruded upon the rights of Gould and class members to be free from invasion of their interest in seclusion.

38.     Farmers' conduct injured Gould and class members because they wasted time addressing or otherwise responding to the unwanted texts to their wireless numbers.

39.     Farmers' calls to wireless numbers caused economic harm to class members by requiring them to pay their cell phone providers either for each phone call or incurring a usage allocation deduction to their cell phone plan.

**Violation of the Telephone Consumer Protection Act ("TCPA"),**
**47 U.S.C. § 227 *et seq.***

40.     The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .

47 U.S.C. § 227(b)(1).

41.     The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce numbers to be called, using a sequential number generator;

Electronically Filed - St Louis County - July 11, 2017 - 05:35 PM

and to dial such numbers." 47 U.S.C. § 227(a)(1).

42.     The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

43.     The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

44.     The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

45.     The TCPA provides for a private right of action and statutory damages of at least $500, and up to $1,500.00 per violation.  47 U.S.C. § 227(b)(3).

46.     Pursuant to Missouri Supreme Court Rule 52.08, Gould brings this lawsuit as a class action on behalf of herself and all others similarly situated.  This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

47.     The proposed class which Gould seeks to represent is defined as follows:

> All persons in the United States who, from October 16, 2013 to the present, who were sent text message advertisements by Farmers and who did not sign an agreement containing the following disclosures: (1) by executing the agreement, such person authorized Farmers to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or

Electronically Filed - St Louis County - July 11, 2017 - 05:35 PM

prerecorded voice; and (2) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

48.     On information and belief, Farmers used an automatic telephone dialing system to send text messages to Gould's cell phone and to the class members' cell phones. The device Farmers used to send the text messages to cellular phone numbers had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and further, to dial and send text messages to such numbers.

49.     Farmers' dialing system stored Gould's and the proposed class members' cell phone numbers. The text messages were transmitted to Gould and members of the proposed class without human intervention.

50.     On information and belief, Farmers sent text messages to the cellular phone numbers of Gould and the members of the proposed class without the recipients' prior express written consent.

51.     On information and belief, Farmers sent text messages *en masse* to hundreds if not thousands of wireless telephone numbers using a computerized automatic telephone dialing system.

52.     On information and belief, Farmers utilized software known as "Touchpoints" to transmit text messages to Gould and members of the proposed class. Touchpoints enables a user to deliver hundreds if not thousands of text messages from a desktop computer to the cell phones of prospective customers with the push of a button.

53.     On information and belief, the system used by Farmers to transmit the text messages can send form text messages simultaneously to hundreds if not thousands of consumers and automatically populates the first name of the recipient in body of the text message.

9

Electronically Filed - St Louis County - July 11, 2017 - 05:35 PM

54.     By making calls to the cell phones of Gould and the members of the putative class without first obtaining their prior express written consent, Farmers violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(l).

55.     Farmers knew or should have known that Gould and members of the putative class did not provide their prior express written consent to receive text messages on their cell phones.

56.     Farmers and the putative class are entitled to damages of $500.00 per call made by Farmers and up to $1,500.00 per call if the Court finds that Farmers willfully violated the TCPA.

57.     On information and belief, there are thousands of persons in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

58.     Gould's claims are typical of the class she seeks to represent. Gould and members of the putative class were sent text messages by Farmers through an automatic telephone dialing system and did not provide prior express written consent to be called on their cell phones. Gould's claims and the claims of the putative class are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Gould and members of the putative class.

59.     There are questions of law and fact common to the class. Common questions include, but are not limited to:

a.     Whether Farmers sent text messages to the cell phones of the members of the putative class without first obtaining the recipients' prior express written consent;

b.     Whether Farmers sent text messages to the cell phones of members of the proposed class using an automatic telephone dialing system;

c.     Whether the conduct of Farmers violates 47 U.S.C. § 227(b)(l)(A);

d.     Whether the conduct of Farmers violates the rules and regulations implementing

Electronically Filed - St Louis County - July 11, 2017 - 05:35 PM

the TCPA; and,

      e.     Whether Gould and the members of the proposed class are entitled to increased damages based on the willfulness of Farmers' conduct.

      60.     Gould will fairly and adequately represent the putative class members.  Gould has retained counsel experienced in the prosecution of class actions.  Gould is committed to vigorously prosecuting the claims presented in this petition. Neither Gould nor Gould's counsel have any interests adverse or in conflict with the absent class members.

      61.     The questions of law and fact common to the members of the proposed class predominate over any questions of fact affecting any individual member of the proposed class.

      62.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

### Demand for Judgment

WHEREFORE Plaintiff Catherine Gould, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

      a.     Enter an order against Defendants Farmers Insurance Exchange, Farmers Insurance Company and Fire Insurance Exchange, pursuant to Missouri Supreme Court Rule 52.08(b)(3), certifying this action as a class action and appointing Plaintiff Catherine Gould as representative of the class;

      b.     Enter an order appointing Butsch Roberts & Associates LLC as counsel for the class;

      c.     Enter judgment in favor of Gould and the class and against Defendants Farmers

Electronically Filed - St Louis County - July 11, 2017 - 05:35 PM

Insurance Exchange, Farmers Insurance Company and Fire Insurance Exchange, jointly and severally, for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Defendant willfully violated the TCPA;

    d.    Award Gould and the class all expenses of this action, and requiring Defendants Farmers Insurance Exchange, Farmers Insurance Company and Fire Insurance Exchange to pay the costs and expenses of class notice and claims administration; and,

    e.    Award Gould and the class such further and other relief the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ David T. Butsch
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
Butsch@ButschRoberts.com
Roberts@ButschRoberts.com

Attorneys for Plaintiff Catherine Gould

12