UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATHERINE GOULD, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE, FARMERS INSURANCE COMPANY, INC., FIRE INSURANCE EXCHANGE,<br><br>Defendants. | No. 4:17 CV 2305 RWS |

## **MEMORANDUM AND ORDER**

Plaintiff Catherine Gould ("Gould") alleges in this putative class action matter that Defendants Farmers Insurance Exchange, Farmers Insurance Company, Inc., and Fire Insurance Exchange (collectively, "Defendants" or "Farmers") sent her text messages in contravention of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Farmers moved to dismiss Gould's complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action and failure to establish Article III standing. Based upon the record before me and for the reasons that follow, I will deny Farmers' motion to dismiss.

I.     *Background*

Gould's First Amended Complaint (the "FAC") pleads the following facts, which I accept as true for purposes of the motion to dismiss.  Farmers is in the business of marketing insurance products.  Between May 2, 2017 and July 27, 2017, Gould received and reviewed a series of ten text messages on her cell phone which were allegedly sent by Farmers and/or its insurance agents.  Gould did not expressly consent to be called or texted by Farmers.  The messages sent to Gould were addressed to "Catherine" and attributed to various parties, including "Jim with the Jim Lohse agency with Farmers Insurance," "the Jim Lohse Insurance Agency with Farmers Insurance," "Jessica with the Joe Ridgway Agency with Farmers Insurance," and "Joe Ridgway Agency with Farmers Insurance."  The messages stated, *inter alia*, that the insurance agents wanted to follow up with Gould in order to update and finalize her insurance quote.  The messages were sent in three separate sets with nearly identical repeating content during the months of May, June, and July 2017.[1]

---

[1] The first text message in each of the three sets of messages addresses "Catherine" and states, "You asked for a quote a year ago and we weren't able to help you at that time.  I wanted to send you an updated quote.  Who do you currently have insurance with?" The second text message in each of the three sets of messages addresses "Catherine" and states, "Just following up on our connection earlier this week.  We are saving our clients more money and improving their coverages.  Let's see if we can do this for you as well.  When would be a good time for us to

2

Agents Jody Ridgway and Jim Lohse are identified as Farmers agents on a Farmers website. Gould alleges that Farmers' agents may only sell Farmers insurance policies, which are guaranteed by Farmers. Gould further alleges that upon an agent's sale of a policy, Farmers receives the policy premium and pays the agent commission. Gould asserts that Farmers could choose to accept or decline applications obtained through text message marketing, and received premiums for sales resulting from text messaging.

Gould alleges that the text messages were sent *en masse* by an automatic telephone dialing system to several phone numbers, including hers. Gould asserts that software called "Touchpoints" allowed Farmers to deliver the texts *en masse*, to send the texts at scheduled intervals, and to automatically populate each recipient's name in the text. Gould alleges that the text messages violated her privacy rights and those of the other class members, and constituted an annoying and harassing nuisance. Gould states that she and other class members wasted time addressing or otherwise responding to the texts. Gould also suggests that some class members suffered economic harm by being charged for the text

---

call you to finalize your quote?" The third text message in the first two sets of messages addresses "Catherine" and asks, "Would you mind verifying your current vehicles so I can get a quote right over to you?" The fourth text message in the first two sets of messages addresses "Catherine" and states, "We will contact you in 6 months to see if we can work together to improve your insurance position and potentially save you money."

messages. Gould brought this purported class action against Farmers under TCPA.

II. *Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level. Id. at 555. In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). Under the federal rules, a plaintiff need not provide "'detailed factual allegations,'" but must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." Id. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

III. *Discussion*

The TCPA prohibits sending text message solicitations using an automatic telephone dialing system without the prior express written consent of the called party. See 47 U.S.C. § 227; Campbell-Ewald Co. v. Gomez, 136 S.Ct. 663, 667 (2016) (text message solicitations made to cell phones qualify as calls under TCPA). Gould alleges that Farmers violated TCPA by sending the offending text messages. Farmers asserts that Gould fails to state a claim to relief under TCPA. For the reasons that follow, I will deny Farmers' motion to dismiss and allow Gould's claim to proceed.

  a. *Standing*

Farmers asserts that Gould has not sufficiently pled an injury in fact in order to establish Article III standing. Standing under Article III presents a "threshold inquiry" requiring "general allegations" of injury, causation, and redressability. In re SuperValu, Inc., 870 F.3d 763 (8th Cir. 2017) (internal citations omitted). To have constitutional standing, the plaintiff must have suffered an injury in fact, the injury must be fairly traceable to the defendant's actions, and the injury must be likely to be redressed by a favorable judicial decision. Spokeo, Inc. v. Robins, 578

5

U.S. \_\_,136 S.Ct. 1540, 1547 (2016) (holding that bare allegation concerning procedural violation of federal statute was insufficient to satisfy injury in fact requirements). "To establish injury in fact, a plaintiff must show that she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548; see also Braitberg v. Charter Commc'ns, Inc., 836 F.3d 925, 930 (8th Cir. 2016) (requiring plaintiff to demonstrate "material risk of harm" beyond mere procedural violation for standing purposes).

Gould asserts that the text messages caused her and the other class members to suffer concrete and particularized harm. Most significantly, Gould alleges that the intrusiveness of the messages violated her privacy rights. See Hunsinger v. Gordmans, Inc., 2016 WL 7048895 (E.D. Mo. December 5, 2016) (finding that alleged injury in fact was sufficient to create post-Spokeo standing under TCPA where plaintiff claimed that unwanted text messages presented invasion of privacy). Likewise, Gould asserts that the messages constituted an annoying and harassing nuisance. Gould states that she and the other class members wasted time addressing or otherwise responding to the texts. Gould also suggests that some class members suffered economic harm by being charged for the text messages. Farmers argues that Gould's conclusory allegations do not provide specific facts as

6

to whether she suffered harm, as she omits details demonstrating that she noticed, heard, or was charged for the text messages. However, Gould pleads facts beyond the mere procedural requirements of the TCPA statute. On the whole, Gould's allegations concerning the invasion of privacy, nuisance, and wasted time constitute an injury in fact which is adequate to establish Article III standing.

### b. *Factual Allegations Regarding ATDS*

Farmers asserts that Gould does not sufficiently plead facts to state a claim for relief under the TCPA statute, specifically with respect to the alleged use of an Automatic Telephone Dialing System ("ATDS"). An ATDS is equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator to dial the numbers. 47 U.S.C. § 227(a)(1). The Federal Communications Commission, which has rulemaking authority with respect to TCPA, has stated that the "basic function" of an ATDS is "the capacity to dial numbers without human intervention." In re Rules & Regulations Implementing Tel. Consumer Prot. Act of 1991, 18 FCC Rcd. 14,014, 14,091–92 (July 3, 2003) (emphasis deleted); see also Hunsinger, 2016 WL 7048895 at *5.

Gould pleads several facts indicating that the texts were sent by a system which operated without human intervention. In addition to addressing the statutory requirements of an ATDS, Gould provides specific support for ATDS

qualification. Gould alleges that Farmers sent the text messages *en masse* to several telephone numbers, Touchpoints software was used, the texts were sent in three separate sets with nearly identical content at automatically scheduled intervals, and software was used to automatically populate the recipient's name. Farmers asserts that Gould merely recites the relevant elements of the TCPA statute and improperly relies upon speculative and conclusory statements. Farmers further argues that the texts were sent by Lohse and Ridgway or their representatives, not Farmers' system. Particularly given the repetitive, generic, and impersonal nature of the messages, it is plausible that Farmers used an ATDS. See, e.g., Soular v. Northern Tier Energy LP, 2015 WL 5024786 (D. Minn. Aug. 25, 2015) (generic text messages sent *en masse* indicated use of ATDS). As a result, Gould has presented sufficient facts, if accepted as true, to support at least an inference that an ATDS was used to send the text messages. See Twombly, 550 U.S. at 556 (Rule 8(a) "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence.").

   *c. Direct or Vicarious Liability*

 A defendant may be held directly or vicariously liable for placing a call that violates TCPA. See, e.g., Golan v. Veritas Entm't, LLC, 2016 WL 880402, at *3-4 (E.D. Mo. Mar. 8, 2016). Farmers asserts that it cannot be held liable under TCPA

8

because it did not physically send the text messages to Gould.  Moreover, Farmers argues that Gould improperly relies upon conclusory allegations and fails to allege sufficient supportive facts for each of the below approaches to liability.  Gould alleges that Farmers can be held either directly liable for sending the messages itself or vicariously liable for its agents sending the messages.  For the reasons that follow, Gould adequately pled specific facts supporting liability under either theory.

A party that "takes the steps necessary to physically place a telephone call" can be held directly liable under TCPA. <u>In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules</u>, 28 F.C.C.R. 6574, 6583 (2013).  Gould alleges several facts in support of the argument that Farmers took direct steps to send the text messages at issue.  Gould asserts that Farmers uses and controls text message advertising to market its products.  Gould alleges that Farmers used software to send the text message *en masse* to members of the proposed class.  Eight of the text messages stated that they were from Farmers or agents "with Farmers."  Farmers argues that Gould does not specifically connect the text messages to Farmers, which is merely a policy underwriter.  However, Gould has plausibly alleged that Farmers is

9

directly liable for sending the text messages at issue.

Alternatively, Gould alleges that Farmers can be held vicariously liable for text messages sent by its agents under alternate theories of actual authority, apparent authority, or ratification. See Golan, 2017 WL 2861671, at *10. "Agency is a legal concept that depends upon the existence of certain factual elements: (1) the manifestation by the principal that the agent shall act for him; (2) the agent's acceptance of the undertaking; and (3) the understanding of the parties that the principal is to be in control of the undertaking." S. Pac. Transp. Co. v. Cont'l Shippers Ass'n, Inc., 642 F.2d 236, 238 (8th Cir. 1981). Gould provides specific factual allegations which, if taken as true, support of each of these theories of agency liability.

First, Gould alleges that Farmers may be vicariously liable under a theory of actual authority. See, e.g., Golan, 2017 WL 2861671, at *10 ("if a seller has the ability to oversee the conduct of telemarketers, even if unexercised, it may be enough for liability."). Gould suggests that Farmers could oversee its agents' advertising efforts, even to the extent of controlling the conduct and content of text message advertising. Gould alleges that Farmers directed the content of its agents' advertising, retained the absolute and unilateral right-of-control over the advertising, required approval of advertising identifying Farmers, and approved the

text messages sent to Gould.

Next, Gould asserts that Farmers may be vicariously liable under a theory of apparent authority. "Apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." <u>Pinkham v. Sara Lee Corp.</u>, 983 F.2d 824, 830 (8th Cir. 1992); <u>see also</u> <u>Golan</u>, 2016 WL 880402, at *4 (quoting Pinkham and denying motion to dismiss in TCPA case). Gould's allegations suggest that the text messages provided her with a reasonable basis to believe that Farmers' agents were acting at Farmers' direction. The text messages state that they are from agents "with Farmers Insurance" and reference insurance products. The text messages are alleged to have been approved by Farmers. Moreover, Plaintiff alleges that Farmers' agents are captive agents who only sell Farmers insurance products.

Finally, Gould asserts that Farmers may be vicariously liable under a theory of ratification. "[A] seller may be liable for the acts of another under traditional agency principles if it ratifies those acts by knowingly accepting their benefits." <u>In the Matter of the Joint Petition Filed by Dish Network, LLC</u>, 28 F.C.C.R. at 6586-87. Here, in addition to the allegations discussed above, Gould alleges that

Farmers could decline or accept applications of insurance that were obtained through text message advertising and accepted premiums from sales generated from text message advertising.

On the whole, Gould has presented plausible facts demonstrating that Farmers can be held directly or vicariously liable for sending the text message. As a result, Gould's claim is plausible on its face.

For the foregoing reasons, and based upon the record before me, I conclude that Farmers' motion to dismiss should be denied. Farmers shall have fourteen (14) days to file an answer to Gould's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Farmers Insurance Exchange, Farmers Insurance Company, Inc., and Fire Insurance Exchange's Motion to Dismiss Plaintiff's First Amended Complaint [16] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file an answer to Plaintiff's First Amended Complaint no later than fourteen (14) days from the date of this order.

**IT IS FURTHER ORDERED** that this case will be set for a Rule 16 scheduling conference by a separate order.

                                              */s/ Rodney W. Sippel*
                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE

Dated this 19th day of January, 2018.