UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATHERINE GOULD, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:17 CV 2305 RWS ) |
| FARMERS INSURANCE EXCHANGE, FARMERS INSURANCE COMPANY, INC, And FIRE INSURANCE EXCHANGE, | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM & ORDER**

Defendant Farmers Insurance Exchange ("Farmers") moves to stay this proceeding pending rulemaking from the Federal Communications Commission (FCC). The FCC has requested comments concerning whether an Automatic Telephone Dialing System (ATDS) must be able to dial random or sequentially generated numbers without human intervention. Farmers argues that, after collecting comments, the FCC may take agency action concerning the ATDS definition that would decide a dispositive issue in this case. Because the FCC has not initiated any agency action, it is possible that any FCC proceeding will fail to resolve the issues in this case, and any such action may take years to finalize, I will deny Farmers' motion.

### BACKGROUND

Plaintiff Catherine Gould brings this action under the Telephone Consumer Protection Act (TCPA), arguing that, in violation of 47 U.S.C. § 227, Farmers insurance agents sent her text messages without her consent using an ATDS. Farmers argues that the Touchpoints software its agents used to send those text messages is not an ATDS, because it calls numbers from a pre-set list, rather than a randomly or sequentially generated list. The TCPA defines an ATDS as

"equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The FCC has interpreted this definition, enacted in 1991, in a changing landscape of communications technology. The FCC's most recent ATDS rulemaking was struck down by the United States Court of Appeals for the District of Columbia in ACA Int'l v. Fed. Commc'ns Comm'n, 885 F.3d 687 (D.C. Cir. 2018), because it espoused competing interpretations concerning whether the lack of human intervention is a necessary aspect of any ATDS, among other issues. Id. at 701-03. Following the opinion in ACA Int'l, the FCC issued a public notice on May 14, 2018, seeking public comment on how to interpret the word "capacity" in the statutory definition of ATDS and whether equipment that dials telephone numbers with human intervention—as opposed to randomly or sequentially—qualifies as an ATDS. (No. 71-3). The comment period for this notice closed on June 28, 2018. As of the date of this order, the FCC has not indicated what action, if any, it will take in response to the comments received on this issue.

## LEGAL STANDARD

I have broad discretion to stay proceedings when appropriate to control my docket. Sierra Club v. U.S. Army Corps of Engineers, 446 F.3d 808, 816 (8th Cir. 2006). In considering whether a stay is appropriate, I "must weigh competing interests" including potential prejudice or hardship to either party, as well as judicial economy. Landis v. North American Co., 299 U.S. 248, 254-55 (1936). The party seeking the stay "must make out a clear case of hardship or inequity," if there is "even a fair possibility" that the stay will cause damage to someone else. Id. at 255.

## ANALYSIS

Farmers argues that a stay is necessary to avoid the risk of inconsistent rulings concerning the definition of an ATDS, and that a stay will not prejudice plaintiff because it can contain a carve-out for certain discovery. Gould is concerned that any eventual FCC rulemaking concerning ATDS will take years to finalize. She argues that a stay would confound the "speedy" administration of justice and will prejudice her by delaying her discovery of evidence held by third parties that may be destroyed while a stay is pending.

In the current circumstance, the FCC has not indicated whether it will pursue a formal rulemaking or some other proceeding following the collection of comments on this issue. Farmers' suggestion that a stay would be brief is therefore speculative. It is also possible that any FCC proceeding will fail to determine whether the Touchpoints system, as used by the Farmers agents, constitutes an ATDS. If the FCC does proceed with a formal rulemaking, such a process will likely take years[1] and may still fail to resolve the precise issue involved in this case.

As a result, issuing a stay in this circumstance would run counter to the "speedy determination" of this action. Fed. R. Civ. P. 1.

Accordingly,

**IT IS HEREBY ORDERED** Defendants' motion for a stay, [No 70], is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2018.

---

[1] Gould appropriately notes that the FCCs 2015 rulemaking defining ATDS was finalized after about six years of notice, comment, and rule development. (No. 78 at 3).

3