UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE GOULD, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:17 CV 2305 RWS |
| FARMERS INSURANCE EXCHANGE, FARMERS INSURANCE COMPANY, INC, And FIRE INSURANCE EXCHANGE, | ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM & ORDER

Plaintiff Catherine Gould moves to compel non-parties Farmers Insurance agents James Lohse and Joe Ridgway (the "Agents") to comply with subpoenas in this Telephone Consumer Protection Act (TCPA) case. The subpoenas request that the Agents produce documents pertaining to text messages that they allegedly sent to potential customers. The Agents object to these requests and move for a confidentiality order. They argue that an order compelling compliance with the subpoenas would violate their Fifth Amendment right against compelled, self-incriminating testimony. Because possession, control, or authentication of the documents would not tend to incriminate them, the Fifth Amendment right against self-incrimination does not apply. As a result, I will grant plaintiff's motion to compel.

## BACKGROUND

Gould alleges that, at the direction of the Defendant insurance companies, Lohse and Ridgway sent text messages to Gould without her consent, in violation of the TCPA. Gould seeks to represent similarly situated plaintiffs who received messages without their consent marketing certain Farmers Insurance products. To obtain information on potential plaintiffs and

the alleged TCPA violations generally, Gould served subpoenas on the non-party Agents. The subpoenas request that the Agents produce phone numbers of potential customers to which text messages were sent; the content of those text messages; any contracts, correspondence, invoices, and payment records the agents have with other entities that facilitated the alleged spam texts or provided the potential customers' numbers; documents concerning any purchase of an insurance policy by the recipients of these texts; and any documents reflecting that the recipients of these texts consented to receive those messages. The Agents refused to produce documents responsive to these requests. To justify their objection, the Agents first argued that such discovery was inappropriate until the parties' resolved an initial question of consent. After Defendants' declined to file a motion summary judgment on the issue of consent, the Agents changed their objections. The Agents now object that compelling their production of the requested records would violate their Fifth Amendment Right against self-incrimination, and that Gould's requests are overly broad and burdensome. Gould moves to compel these documents, [No. 50], and the Agents move for a confidentiality order, [No. 59].

## LEGAL STANDARD

Under the Fifth Amendment, I cannot compel a party to testify in such a way that would "furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." Hoffman v. United States, 341 U.S. 479, 486 (1951). The test is whether "the witness has reasonable cause to apprehend danger from a direct answer." Id. This privilege applies specifically to testimony, and not the production of documents, per se. "[A] person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled.'" United States v. Hubbell, 530 U.S. 27, 35–36, (2000).

2

Granted, "the act of producing documents in response to a subpoena may have a compelled testimonial aspect." Id. at 36. For example, "[b]y producing documents in compliance with a subpoena," a witness may be admitting that "that the papers existed, were in his possession or control, and were authentic." Id. If the mere possession, control, or authentication of the documents tends to incriminate the producing party, then the privilege may apply. Id. However, where the documents themselves are incriminating, but their possession, control, and authenticity does not incriminate, the privilege would not apply. Id. ("Whether the constitutional privilege protects the answers to such questions, or protects the act of production itself, is a question that is distinct from the question whether the unprotected contents of the documents themselves are incriminating.").

## ANALYSIS

The non-party Agents argue that their answers to Gould's production requests would tend to incriminate them because the call logs in question could show a violation of 47 U.SC. § 227(b)(1). This portion of the TCPA states that

> It shall be unlawful for any person within the United States. . .
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> . . . .
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

§ 227(b)(1)

Additionally, 47 U.SC. § 501 provides that individuals found to have willfully or knowingly violated the TCPA may face a penalty of $10,000.00 or less or a term of imprisonment of one year or less. On this basis, the Agents argue that by producing and admitting that they possess

call logs and other documents, the Agents may be confessing to the crime of violating the TCPA willfully or knowingly.

In this circumstance, the Agents' mere possession, production, or authentication of call logs and other documents is not the act that would tend to incriminate them. The Fifth Amendment protection against self-incrimination accordingly does not protect against disclosure of the requested documents because of the "settled proposition that a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the privilege." United States v. Hubbell, 530 U.S. 27, 35–36.

The Agents also argue that Gould's production request is overbroad and burdensome. I disagree. The documents that Gould requests all pertain to whether the Agents texted potential consumers without their consent, and if so, how they did that.

Accordingly,

**IT IS HEREBY ORDERED** that Gould's motion to compel, [No. 50], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Agents' motion for a confidentiality order, [No. 59], is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2018.